UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
FANNY R.G.,

                        Plaintiff,        <u>DECISION AND ORDER</u>
                                           1:24-CV-05015-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

    In August of 2021, Plaintiff Fanny R.G.[1] applied for Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the application.  Plaintiff, represented by Ny Disability, LLC, Daniel Berger, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10).

    This case was referred to the undersigned on April 21, 2025. Presently pending is Plaintiff's Motion for Judgment on the Pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

No. 15). For the following reasons, Plaintiff's motion is due to be denied, and this case is dismissed.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on August 19, 2021, alleging disability beginning December 31, 2008. (T at 22, 89).[2]  Plaintiff's application was denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on June 14, 2023, before ALJ Nicholas Walter. (T at 37-69). Plaintiff appeared with an attorney and testified. (T at 46-59). The ALJ also received testimony from Mary Vasishth, a vocational expert. (T at 60-67).

### B.    ALJ's Decision

On August 14, 2023, the ALJ issued a decision denying the application for benefits. (T at 16-36).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since August 19, 2021 (the date she applied for benefits). (T at 24).  The ALJ concluded that Plaintiff's sinus tachycardia, low back pain with a history of lumbar decompression, plantar

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 7.

fasciitis, and right Achilles tendonitis were severe impairments as defined under the Social Security Act. (T at 24).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 27).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 416.967 (b), with the following limitations: she can occasionally balance, stoop, kneel, crouch, or crawl; and occasionally climb ramps, stairs, ladders, ropes, or scaffolds. (T at 27).

The ALJ found that Plaintiff had no past relevant work. (T at 30).

Considering Plaintiff's age (39 on the application date), education (at least high school), work experience (no past relevant work), and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (T at 31).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between August 19, 2021 (the application date) and August 14, 2023 (the date of the ALJ's decision). (T at 31).  On May 7, 2024, the

Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-8).

### C.    Procedural History

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on July 2, 2024. (Docket No. 1).  On December 11, 2024, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 16, 16).  The Commissioner interposed a brief on February 5, 2025, in opposition to the motion and in support of a request for judgment on the pleadings. (Docket No. 18).  On March 3, 2025, Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 19).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff raises two main arguments in support of her request for reversal of the ALJ's decision.  First, she challenges the ALJ's step two findings regarding her mental impairments.  Second, Plaintiff argues that the ALJ's step five analysis was flawed.  This Court will address each argument in turn.

### A.    Step Two Analysis

The Commissioner uses a "special technique" to evaluate the severity of mental impairments at step two of the sequential analysis. *See* 20 C.F.R. § 404.1520a(a).

The ALJ rates the degree of functional limitation resulting from the claimant's mental impairment(s) to determine whether the impairment(s) is/are "severe." *See id*. at § 404.1520a(d)(1).

To perform this analysis, the ALJ considers the degree of limitation in four (4) broad functional areas – understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself.

If the limitation in these domains is no more than "mild," and if the evidence does not otherwise indicate more than a mild limitation in the claimant's activity to perform basic work activities, then the mental impairment(s) will be considered non-severe. *See id.*

"An ALJ's decision at step two that an impairment is not severe must be 'supported by 'substantial evidence' in the record as a whole.'" *Garcia v. Comm'r of Soc. Sec*., No. 20CIV7539PAESLC, 2022 WL 1051134, at *15 (S.D.N.Y. Jan. 31, 2022)(citations omitted).

However, "[i]t is the claimant's burden to show at step two that she has a severe impairment." *Rye v. Colvin*, No. 2:14-CV-170, 2016 WL 632242, at *3 (D. Vt. Feb. 17, 2016) (internal quotation omitted).

In the present case, the ALJ found that Plaintiff's medically determinable mental impairments of depression and anxiety did not cause

more than minimal limitation in her ability to perform basic mental work activities and were therefore non-severe. (T at 25).  For the following reasons the Court finds that the ALJ's decision must be sustained under the deferential standard of review applicable here.

### 1. PTSD

Plaintiff first contends that the ALJ erred by failing to consider her Post-Traumatic Stress Disorder.  Plaintiff testified that she experiences flashbacks from witnessing violence when she was "growing up" and from being confined to a mental hospital. (T at 58).  Dr. Joshua Goldstein performed a consultative psychiatric evaluation in October of 2021, in which he documented Plaintiff's reports of childhood trauma and diagnosed PTSD. (T at 612, 614).

Although the ALJ did not reference Dr. Goldstein's PTSD diagnosis in his decision, the Court finds this is not a basis for remand. Here's why.

First, "[a] step two error is not reversible and does not necessitate remand where the record is devoid of evidence that the allegedly omitted impairments were severe." *Guerra v. Comm'r of Soc. Sec*., No. 1:16-CV-00991 (MAT), 2018 WL 3751292, at \*2–3 (W.D.N.Y. Aug. 7, 2018), *aff'd sub nom. Guerra v. Sau*l, 778 F. App'x 75 (2d Cir. 2019).

Second, Dr. Goldstein's diagnosis is an outlier, as no other medical provider diagnosed PTSD. Moreover, the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment" is not, by itself, sufficient to render a condition "severe." *Coleman v. Shalala*, 895 F. Supp. 50, 53 (S.D.N.Y.1995).

Third, as discussed further below, the ALJ carefully considered the evidence concerning Plaintiff's mental impairments and offered a detailed, well-supported rationale for finding no more than mild limitation in her ability to meet the mental demands of basic work activity. (T at 25-27).

As such, any error by the ALJ in failing to expressly discuss Dr. Goldstein's PTSD diagnosis was harmless. *See generally Camino v. Colvin*, No. 1:13–CV–00626 (MAT), 2015 WL 5179406, at *6 (W.D.N.Y. Sept. 4, 2015) (finding harmless error where ALJ did not explicitly consider medical opinion because it would not have changed the outcome of the decision, which was supported by substantial evidence).

### 2. Medical Opinion Evidence

Plaintiff also argues that the ALJ's conclusion that she had no more than mild impairment in her mental functioning is at odds with a proper assessment of the medical opinion evidence.

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff applied for benefits after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany*

*Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. §
416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence
from other medical sources and nonmedical sources," the "more
persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is
supported by relevant objective medical evidence and the medical source's
supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more
relevant the objective medical evidence and supporting explanations
presented by a medical source are to support his or her medical opinion(s)
or prior administrative medical finding(s), the more persuasive the medical
opinions or prior administrative medical finding(s) will be." 20 C.F.R. §
404.1520 (c)(1), 416.920c(c)(1).

Dr. Karol Serafin, Plaintiff's primary care provider, completed a
medical source statement in December of 2021, in which she opined that
Plaintiff had moderate restriction in activities of daily living and marked
difficulties in social functioning. (T at 710).  In addition, Dr. Serafin believed
Plaintiff would be absent from work about twice a month due to her
impairments or treatment and would often experience deficiencies of
concentration, persistence, or pace, resulting in failure to complete tasks in
a timely manner. (T at 708, 710).

As noted above, Dr. Goldstein performed a consultative psychiatric evaluation in October of 2021. He opined that Plaintiff had mild impairment in her ability to understand, remember, or apply simple and complex directions and instructions; moderate limitation in social functioning; mild impairment in sustaining concentration and pace; mild limitation as to sustaining an ordinary routine and regular attendance; and moderate impairment in regulating emotions, controlling behavior, and maintaining well-being. (T at 614).

In October of 2021, Dr. M. D'Ortona, a non-examining State Agency review consultant, opined that Plaintiff's anxiety and depression were severe impairments and assessed moderate limitation in her ability to understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage herself. (T at 75).

The ALJ found that the foregoing opinions were not consistent with, or supported by, the record and were therefore not fully persuasive. (T at 26-27). The Court finds the ALJ's consideration of the medical opinions supported by substantial evidence and consistent with applicable law.

First, the ALJ's decision is supported by the assessment of Dr. T. Inman, another State Agency review physician. In January of 2022, Dr.

13

Inman opined that Plaintiff's mental impairments were non-severe and that she had no more than mild limitation in the domains of mental functioning. (T at 95-96).

Second, the ALJ's decision is supported by a reasonable reading of the record.

With respect to Plaintiff's ability to understand, remember, or apply information, the ALJ relied on the fact that Plaintiff could manage her finances and demonstrated only mildly impaired memory skills during her evaluation with Dr. Goldstein. (T at 25, 309, 613). In addition, Dr. Serafin reported no limitation in this domain (T at 708) and Dr. Goldstein assessed only mild impairment. (T at 614).

Regarding Plaintiff's social functioning, the ALJ referenced Plaintiff's reports that she communicated with others via telephone and text, shopped in stores, and got along "ok" with authority figures. (T at 25, 309-11). Although Plaintiff was "evasive" in her demeanor when examined by Dr. Goldstein, he described her social skills as "fair" and her eye contact and affect as "appropriate." (T at 612-13).  While Dr. Serafin said that Plaintiff had marked difficulties in social functioning in one section of her report (T at 710), notably in another section she reported that Plaintiff's ability to

respond appropriately to supervisors, co-workers, and work pressure in a work-setting was not affected by her impairment. (T at 709).

As to Plaintiff's capacity to concentrate, persist, and maintain pace, the ALJ noted that she was capable of simple counting and arithmetic during Dr. Goldstein's evaluation and displayed coherent and goal-directed thought and only mildly impaired attention and concentration, which the examiner attributed to "anxiety or nervousness in the evaluation." (T at 25, 613). Dr. Goldstein opined that Plaintiff had mild limitation in this domain. (T at 614).

Regarding Plaintiff's ability to adapt and manage herself, the ALJ noted Plaintiff's activities of daily living, including preparing meals, shopping, and attending to hygiene, along with appropriate behavior during the examination with Dr. Goldstein. (T at 22, 25, 308, 612-13).

More generally, the ALJ reasonably relied on the fact that Plaintiff's treatment for depression and anxiety were conservative, with medication management performed by Dr. Serafin, her primary care provider, and with no apparent ongoing therapy or treatment from a mental health professional. (T at 25).

Although the ALJ recognized that Plaintiff experienced at least one documented episode of significant stress (T at 25, 704), the ALJ

reasonably read the overall record as documenting well-controlled symptoms, with Dr. Serafin repeatedly describing Plaintiff's depression as in being in "full remission." (T at 821, 824, 825).

Regarding Dr. Serafin's opinion in particular, the ALJ reasonably found the "checkbox" form internally inconsistent (as noted above, Dr. Serafin indicated no social functioning limitation in one section, while circling "marked" impairment in that domain one page later), unsupported by clinical findings, and inconsistent with the treatment record, including her own notes. *See Halloran v. Barnhart*, 362 F.3d 28, 31 n.2 (2d Cir. 2004)(describing "standardized form" as "only marginally useful for purposes of creating a meaningful and reviewable factual record"); *Heaman v. Berryhill*, 765 F. App'x 498, 501 (2d Cir. 2019)(affirming ALJ's decision to discount treating physicians' opinions provided via "checkbox forms" that "offer[ed] little or nothing with regard to clinical findings and diagnostic results" and "were inconsistent with . . . findings reflected in the doctors' notes").

Plaintiff argues that the ALJ should have re-contacted Dr. Serafin to request an explanation for the inconsistency in her report and to provide clinical findings in support of her conclusions. While the ALJ's duty to develop the record is "robust," it is "not unlimited.'' *Clarke v. Comm'r of Soc.*

*Sec.*, No. 19-CV-7213 (BCM), 2021 WL 2481909, at *13 (S.D.N.Y. June 16, 2021)(quoting *Myers ex rel. C.N. v. Astru*e, 993 F. Supp. 2d 156, 163 (N.D.N.Y. 2012)).

"[A]n ALJ is not required to attempt to obtain additional evidence to fill *any* gap in the medical evidence; rather an ALJ is required to do so only where the facts of the particular case suggest that further development is necessary to evaluate the claimant's condition fairly." *Francisco v. Comm'r of Soc. Sec.*, No. 13CV1486 TPG DF, 2015 WL 5316353, at *11 (S.D.N.Y. Sept. 11, 2015)(emphasis in original); *see also Sampson v. Saul*, No. 19CIV6270PAESN, 2020 WL 6130568, at *6 (S.D.N.Y. Oct. 16, 2020).

Here, the record contains multiple medical opinions and extensive records. As discussed above, the ALJ provided a detailed, well-reasoned analysis, including consideration of the competing medical opinions, and reached conclusions supported by substantial evidence. Further development of the record was not necessary under these circumstances.

Plaintiff also offers an alternative interpretation of the record in support of an argument that greater persuasive power should have been given to the more restrictive medical opinions.

When the record, however, contains conflicting evidence, it is the role of the Commissioner, and not this Court, to resolve such conflicts. *See*

*Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)("Genuine conflicts in the medical evidence are for the Commissioner to resolve.").

Further, the ALJ may reach a determination that "does not perfectly correspond with any of the opinions of medical sources," provided the ALJ's overall assessment is supported by substantial evidence and consistent with applicable law. *See Trepanier v. Comm'r of SSA*, 752 Fed. Appx. 75, 79 (2d Cir. 2018).

"Substantial evidence is "a very deferential standard of review — even more so than the 'clearly erroneous' standard." *Brault v. SSA*, 683 F.3d 443, 447-48 (2d Cir. 2012) (per curiam) (citation omitted). "The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." Id. at 448 (emphasis in original) (citation and internal quotation marks omitted). "The role of the reviewing court is therefore quite limited and substantial deference is to be afforded the Commissioner's decision." *Johnson v. Astrue*, 563 F. Supp. 2d 444, 454 (S.D.N.Y. 2008)(citation and internal quotation marks omitted).

Indeed, "[i]f the reviewing court finds substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also exists." *Id.*

(citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)); *see also*

*McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is

susceptible to more than one rational interpretation, the Commissioner's

conclusion must be upheld.")(citation omitted).

Here, as discussed above, the ALJ's conclusion that Plaintiff's mental

impairments caused no more than minimal limitation in her ability to meet

the mental demands of basic work activity is supported by a reasonable

reading of the record and appropriate consideration of the medical opinion

evidence.

B.    *Step Five Analysis*

At step five of the sequential analysis, the Commissioner determines

whether the claimant can perform work that exists in significant numbers in

the national economy.  The Commissioner bears the burden of proof at this

step. *See Butts*, 416 F.3d at 103; 20 C.F.R. § 404.1560(c)(2).

In the present case, the ALJ found that there were jobs that exist in

significant numbers in the national economy that Plaintiff can perform. (T at

31).

In reaching this conclusion, the ALJ relied on the opinion of a

vocational expert, who testified that a hypothetical claimant with the

limitations set forth in the RFC determination could perform the

representative occupations of operator, marker, and cashier II, which exist in significant numbers in the national economy. (T at 31-32, 60-64).

Plaintiff contends that the ALJ's step five analysis is undermined by his failure to include restrictions related to her symptoms of pain and fatigue in the hypothetical presented to the vocational expert.  In particular, Plaintiff cites evidence that she would miss work twice a month and have difficulty lifting more than 10 pounds.  (T at 646-50, 708).

Those limitations, however, were set forth in a December 2021 physical assessment from Dr. Serafin, in which she opined that Plaintiff could lift 10 pounds occasionally and five pounds frequently, stand/walk for five hours, sit for five hours, occasionally stoop, and would miss work due to physical limitations twice a month (Tr. 30, 646-50).

The ALJ found the lifting limitation and absenteeism assessment of Dr. Serafin's opinion unsupported by clinical findings and inconsistent with the treatment history. (T at 30).  The ALJ's consideration of Dr. Serafin's opinion and overall conclusion that Plaintiff retained the RFC to perform a range of light work are supported by substantial evidence, including a reasonable reading of the treatment record (which was generally conservative) and medical opinion evidence, including the October 2021 assessment of consultative examiner Dr. Saundra Nickens, who found that

Plaintiff's only physical limitation was a "mild to moderate limitation[] with ambulation due to right ankle pain" (T at 620), and the opinions of Dr. A. Saeed and Dr. D. Wallace, non-examining State Agency review physicians, both of whom concluded that Plaintiff could perform a range of light work. (T at 78-79, 87, 98-102).

The ALJ's step five analysis is therefore supported by substantial evidence. *See Green v. Saul*, No. 18CV02857JGKKHP, 2019 WL 2996502, at *10 (S.D.N.Y. June 19, 2019), *report and recommendation adopted sub nom. Green v. Berryhill*, No. 18CV2857 (JGK), 2019 WL 2992088 (S.D.N.Y. July 9, 2019)("An ALJ may rely on a VE's testimony to meet that burden so long as the testimony is based on an RFC assessment supported by substantial evidence.")(citing *Calabrese v. Astrue*, 358 F. App'x 274, 276–77 (2d Cir. 2009); *Hill v. Berryhill*, No. 1:17-CV-02090 (SDA), 2018 WL 4462362, at *11 (S.D.N.Y. Sept. 18, 2018)).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 15) is DENIED; the Commissioner is GRANTED judgment on the pleadings; and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: May 3, 2025                   *s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge